UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM L. HARDING,<br><br>                    Plaintiff,<br><br>-against-<br><br>WATCH TOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.; CHRISTIAN CONGREGATION OF JEHOVAH WITNESSES OF NEW YORK INC.,<br><br>                    Defendants. | 22-CV-3814 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who is currently incarcerated in the Davis Correctional Facility in Holdenville, Oklahoma, brings this *pro se* action under the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332, alleging that he was sexually abused by an elder of the Jehovah's Witness church when he was a child in Muskogee, Oklahoma. Named as Defendants are the Watch Tower Bible and Tract Society of New York, Inc. ("Watchtower"), and the Christian Congregation of Jehovah's Witnesses of New York, Inc. ("CCJW"). Plaintiff provides a Wallkill, New York, address for Watchtower and a Patterson, New York, address for CCJW. Plaintiff alleges that Watchtower and CCJW "are responsible for the overall appointment and placement of Elders and ministerial servants worldwide" and seeks to hold them responsible for the abuse he suffered as a child. (ECF 2, at 6.) For the following reasons, this action is transferred to the United States District Court for the Eastern District of Oklahoma.

## DISCUSSION

       Under 28 U.S.C. § 1391(b), a civil action may be brought in

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[1] *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants reside in this District. Venue is therefore proper in this District under 28 U.S.C. § 1391(b)(1). Plaintiff alleges that the abuse giving rise to his claims occurred in Muskogee, Oklahoma, which is located in Muskogee County, Oklahoma and falls within the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). Even though venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Muskogee, Oklahoma, venue would also be proper in the Eastern District of Oklahoma under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the

---

[1] With respect to a defendant that is a corporation:

in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Muskogee, Oklahoma, where it is reasonable to expect relevant documents and witnesses to be located. Because the torts giving rise to Plaintiff's claims occurred in Oklahoma, Oklahoma law, including Oklahoma's statute of limitations, would likely govern Plaintiff's claims.[2] Moreover, Plaintiff has previously filed similar actions against Defendants in the Oklahoma federal and state courts.[3] Finally, Plaintiff is incarcerated in Holdenville, Hughes

---

[2] Under New York choice-of-law rules, which apply to claims brought under diversity jurisdiction in New York federal courts, "the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders." *White v. ABCO Eng'g Corp.*, 221 F.3d 293, 301 (2d Cir. 2000) (citation omitted); *see also Royal Park Investments SA/NV v. U.S. Bank Nat'l Ass'n*, 324 F. Supp. 3d 387, 399 (S.D.N.Y. Aug. 14, 2018) ("New York's borrowing statute, C.P.L.R. Section 202, requires the Court to apply the statute of limitations of the 'foreign jurisdiction where a nonresident's cause of action accrued, if that limitations period is shorter than New York's.'") ((quoting *Glob. Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 526 (N.Y. 1999)).

[3] Plaintiff previously filed a federal action in the Western District of Oklahoma against Watchtower and CCJW, among other defendants, asserting state and federal claims arising from the alleged abuse. *See Harding v. Watch Tower Bible & Tract Soc. Of New York, Inc.*, No. CIV-21-0515 (JD), 2022 WL 340589 (W.D. Okla. Feb. 4, 2022). In a footnote to its order dismissing

3

County, Oklahoma, which also falls within the Eastern District of Oklahoma. Because Plaintiff does not reside in this District and the operative events did not occur here, Plaintiff's choice of forum is afforded less deference.

The Eastern District of Oklahoma appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of Oklahoma 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Oklahoma. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

---

the action, the court indicated that Plaintiff had already brought his state law claims against Watchtower and CCJW in a state court action. *See id.* at *3 n.8 (citing "Cleveland County Case No. CJ-2020-529" and "Oklahoma Supreme Court Case No. 119149").

4

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 28, 2022
         New York, New York

                                 /s/ Laura Taylor Swain
                                 LAURA TAYLOR SWAIN
                                Chief United States District Judge